UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LONE STAR 24HR ER MANAGE-
MENT LLC,

   *Plaintiff*,

                                     Case No.  SA-24-CV-01120-JKP

v.

BLUE CROSS AND BLUE SHIELD OF
TEXAS, A DIVISION OF HEALTH
CARE SERVICE CORPORATION,

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Blue Cross and Blue Shield of Texas's (BCBSTX) Motion for Partial Dismissal for Failure to State a Claim. *ECF Nos. 25,33*. Plaintiff Lone Star 24HR ER Management LLC's (Lone Star) responded. *ECF No. 28*. Upon consideration, the Motion is **DENIED**.

### Factual Background

In its Petition filed in state court, Lone Star asserts it is a privately-held company that operates a freestanding emergency care facility (FEC). *ECF No. 1-2*. Lone Star alleges FECs are required by the Texas FEC Licensing Act to treat any person who enters its facility seeking emergency care, regardless of insurance status or coverage. Because Lone Star, admittedly, has no contractual relationship with the health insurance provider BCBSTX, Lone Star is considered an "out-of-network" health provider under any patient's health plan administered by BCBSTX.

As an out-of-network provider, Lone Star has no agreed rate of reimbursement for services Lone Star renders to patients insured by BCBSTX. In this specific situation, LoneStar contends the Texas Emergency Care Statutes, Texas Insurance Code §§ 1271.155, 1301.0053, 1301.155, and 1467.0575, require BCBSTX to reimburse LoneStar for treatment of the insured patient at "the usual and customary rate or an agreed rate." Lone Star alleges BCBSTX, instead, pays Lone Star nothing or a payment below the usual and customary rate required by the Emergency Care Statutes. *ECF No. 1-2*

Based upon these allegations, Lone Star filed this action in which it asserts a statutory cause of action for violation of the Emergency Care Statutes, as well as a state law cause of action for breach of contract for recovery of compensation for health services rendered to an insured who holds a plan by BCBSTX. *Id. at pp. 9-12*. LoneStar also seeks recovery of attorney fees under Chapter 38 of the Civil Practice and Remedies Code. BCBSTX now files this Partial Motion to Dismiss seeking dismissal of the breach of contract cause of action and the request for recovery of attorney fees dependent upon this cause of action.

## Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support ade-

quately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

**Discussion**

BCBSTX contends LoneStar's breach of contract cause of action fails as a matter of law because the insureds under the appropriate plans have no damages. BCBSTX contends Lone Star did not allege it billed the insured patients for the alleged unpaid medical costs it seeks, and these patients cannot be "balance-billed" for the cost of medical services not covered under the appropriate plan. Therefore, the insured patients suffered no damages, and LoneStar's breach of contract cause of action fails.

To assert a cause of action for breach of contract, a plaintiff must assert facts to support the elements: (1) a valid contract exists between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach. *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014). Although usually addressed in the context of standing based upon the issue whether the plaintiff suffered an injury in fact, a patient suffers a concrete injury if money the patient is contractually owed under an insurance plan is not paid. While patients normally assign their appropriate benefits under a health insurance plan to a medical provider prior to service, this assignment does not alter the patient's rights under the plan. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 193 (5th Cir. 2015). Thus, determination of any injury or damages would derive from "the rights of the patient at the time of assignment. The fact that the patient assigned her rights elsewhere does not cause them to disappear." *Id*.

Specific to the breach of contract cause of action, LoneStar alleges BCBSTX promised through the health benefit plans covering each patient to pay for the emergency services the patient received at the reimbursement rates set out in such plans or policies. *ECF No. 1-2. Pp. 2*-9. The BCBSTX patients assigned to Lone Star (and/or designated Lone Star to act as the patient's legal representative) the promise of appropriate payment to be made for the emergency services under the plans. However, BCBSTX did not pay those customary amounts as required by the ap-

propriate insurance plan, and is, therefore, in breach of its contractual promises to BCBSTX insureds. The plans and governing law required BCBSTX to pay out-of-network emergency providers the "usual and customary" rate or the rate required by Tex. Ins. Code § 1467.0575. BCBSTX paid Lone Star substantially less than the required rate, thereby breaching the plans and the statutory/implied contractual obligations incorporated therein. *Id*.

Accepted as true and viewed in the light most favorable to LoneStar, these allegations are sufficient to state a cause of action for breach of contract. *See N. Cypress Med. Ctr. Operating Co.*, 781 F.3d at 193. Lone Star alleged facts to support each of the elements for breach of contract, and thus, stated a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 555-558, 570.

BCBSTX also contends LoneStar's request for attorney fees should be dismissed because it is dependent upon recovery for breach of contract. This dismissal is DENIED.

### Conclusion

For the reasons stated, BCBSTX's Motion to Dismiss (*ECF No. 25*) is **DENIED**.

It is so ORDERED.
SIGNED this 3rd day of February, 2026.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

5